**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

JOHN DELROY YOUNG,

   Plaintiff,

vs.

STATE OF IOWA, JAMES KATCHER, THOMAS MCINTEE, MARGARET LINGREEN,

   Defendants.

No. C15-2019-LRR

ORDER

*TABLE OF CONTENTS*

I. *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II. *IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915* . . . . . . . . . . . . . . . . . *2*

III. *APPLICATION FOR APPOINTMENT OF COUNSEL* . . . . . . . . . . . . . *3*

IV. *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

V. *COMPLAINT* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

VI. *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

  A. *Claims Under 42 U.S.C. § 1983* . . . . . . . . . . . . . . . . . . . . . *5*

  B. *Plaintiff's Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

VII. *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

*I. INTRODUCTION*

  The matter before the court is the plaintiff's application to proceed in forma pauperis (docket no. 1). The clerk's office filed such application on April 2, 2015. Along

1

with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983 (docket no. 1-1). In addition, the plaintiff submitted an application for appointment of counsel (docket no. 2), which the clerk's office filed on April 9, 2015.

## II. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

The plaintiff did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. 28 U.S.C. § 1915(a)(2). Based on the plaintiff's application and certificate of inmate account, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee.

A prisoner bringing a civil action in forma pauperis is required to pay the full $350.00 filing fee. 28 U.S.C. § 1915(b)(1). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

Concerning the computation of the initial partial filing fee, the plaintiff is required to submit 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his average monthly deposits, the court finds that the initial partial filing fee is $10.00. *Id*. The plaintiff shall submit $10.00 by no later than August 10, 2015. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

### III. APPOINTMENT OF COUNSEL

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court has the ability to appoint an attorney in a civil case arising under 42 U.S.C. § 1983, it is not required to do so. *See Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *see also Taylor v. Dickel*, 293 F.3d 427, 428 (8th Cir. 2002) (discussing 28 U.S.C. § 1915(e)(1)); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir.

1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record in this action, the court finds that the assistance of counsel is not warranted. Accordingly, the plaintiff's application for appointment of counsel shall be denied.

## IV. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## V. COMPLAINT

Currently confined at the Black Hawk County Jail in Waterloo, Iowa, the plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress issues that are related to his prosecution and conviction. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

The statement of claim portion of the complaint is as follows:

> James Katcher conducted a malicious prosecution by trumping charges with redundancy and conspiring with Thomas McIntee to violate my due process rights. Thomas McIntee conducted a negligent, unethical defense by not investigating the circumstances of the case; further, Thomas McIntee filed motions without briefing myself on them (motion in limine) and conspiring with James Katcher to violate my due process rights by intentionally strategizing examinations of witnesses without impeachment (where apparent wrongdoing is circumvented). Margaret Lingreen conducted negligent judgment and violated due process by over-ruling acquittal without considering all of the evidence (defense exam) and invocation of rights; furthermore, Margaret Lingreen failed to rule in case with U.S. Constitution as evidence. Also, Margaret Lingreen did not consider 3 (three) "orders" submitted by I, the defendant, in accord with equal protection under the law, all while conspiring with the prosecutor and [defense counsel].

As relief, the plaintiff states that he wants the court to: (1) review the case, consider the violations and dismiss the case and (2) award monetary compensation.

## VI. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regu-
> lation, custom, or usage, of any State or Territory . . .

5

> subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. *Plaintiff's Claims*

Given the facts that are alleged in the complaint, the court concludes that the plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. The plaintiff is essentially challenging his conviction, not the conditions of his confinement, and, therefore, he can only bring this action as a habeas corpus action. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (stating that a 42 U.S.C. § 1983 action is barred if the

plaintiff's claims necessarily imply the invalidity of his confinement or its duration); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release"); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that a writ of habeas corpus is the only federal remedy available if a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release); *Deloria v. Lightenberg*, 400 F. App'x 117, 118 (8th Cir. 2010) (same). Stated differently, the plaintiff's challenge cannot be brought in an action under 42 U.S.C. § 1983 because he would necessarily have to demonstrate the invalidity of his confinement to successfully obtain relief.

As to the specific nature of the relief that is requested, the court lacks the authority to review decisions that the Iowa District Court for Black Hawk County made. *See State v. Young*, Case No. FECR202634 (Black Hawk Cnty. Dist. Ct. 201_).[1] The court is precluded from interfering in the interworkings of a state court in criminal matters because the record does not indicate any improper conduct by the prosecution. *See Sprint Communs., Inc. v. Jacobs*, ___ U.S. ___, ___, 134 S. Ct. 584, 591 (2013) (explaining that *Younger v. Harris*, 401 U.S. 37 (1971), precludes a court from intruding into ongoing state criminal prosecutions); *Zanders v. Swanson*, 573 F.3d 591, 593-95 (8th Cir. 2009) (determining that district court properly abstained from hearing claim because there was no showing of bad faith or other extraordinary circumstances); *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (listing factors to be considered).

---

[1] Iowa state court civil and criminal records may be accessed online: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing a court's ability to take judicial notice of public records).

In addition to reviewing the decision that the Iowa District Court for Black Hawk County made, the plaintiff requests monetary damages for civil rights violations. To the extent that the plaintiff's claim requests damages in relation to his confinement, such relief is unavailable because nothing indicates that the plaintiff is serving an invalid sentence. *See Heck*, 512 U.S. at 486-87 (clarifying that a cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus").

Further, the plaintiff cannot proceed any further against the State of Iowa because a "person" who is subject to suit under 42 U.S.C. § 1983 does not include states or their political subdivisions, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71 (1989) (holding that a state and its agencies are not "persons" within the meaning of 42 U.S.C. § 1983); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (making clear that a claim for damages under 42 U.S.C. § 1983 may not be asserted against a state or an arm of the state), and sovereign immunity under the Eleventh Amendment bars a suit brought solely against the state or an agency of the state, *see Brown v. Dep't of Human Servs.*, 451 F. App'x 690, 691 (8th Cir. 2011 (applying Eleventh Amendment), *Morstad v. Dep't of Corrections and Rehabilitation*, 147 F.3d 741, 743-44 (8th Cir. 1998) (same); *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (per curiam) (same).

Similarly, none of the other defendants are subject to suit. A judge, performing judicial functions, enjoys absolute immunity from 42 U.S.C. § 1983 liability. *See Pierson v. Ray*, 386 U.S. 547, 554-55 (1967); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997); *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1996). Margaret Lingreen performed as a judge. Accordingly, the plaintiff's action against her shall be dismissed for failing to state a claim upon which relief can be granted. A prosecutor is also immune from civil rights claims that are based on actions taken in the performance of his or her prosecutorial duties. *See Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v.*

*Pachtman*, 424 U.S. 409, 430-31 (1976)); *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993); *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir. 1992). James Katcher presented the State's case, and his conduct is intimately associated with the judicial phase of the criminal proceedings. Accordingly, the plaintiff's action against James Katcher shall be dismissed for failing to state a claim upon which relief can be granted. As to the remaining defendant, a private attorney, even when appointed by the court, ordinarily does not act under color of state law for purposes of filing an action under 42 U.S.C. § 1983, *see Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir. 1994), or as a federal agent for purposes of filing a *Bivens* action, *see Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984). Stated differently, a federal suit generally does not arise for actions that an attorney (privately retained, court-appointed or defender of the public) takes during the course of representing a criminal defendant. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Haley*, 751 F.2d at 285. Consequently, Thomas McIntee's purely private actions afford no basis for federal jurisdiction and the plaintiff's claim, if any, against Thomas McIntee is without merit. Accordingly, the plaintiff's action against Thomas McIntee shall be dismissed for failing to state a claim upon which relief can be granted.

## VII. CONCLUSION

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis (docket no. 1) is granted. The plaintiff is directed to submit an initial partial filing of $10.00 by no later than August 10, 2015. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, after the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(2) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(3) The clerk's office is directed to file the plaintiff's complaint (docket no. 1-2) without the prepayment of the filing fee.

(4) The plaintiff's application for appointment of counsel (docket no. 2) is denied.

(5) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B).

(6) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(7) The clerk's office is directed to enter judgment in favor of the defendants.

**DATED** this 22nd day of July, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: WARDEN/ADMINISTRATOR
Black Hawk County Jail, Waterloo, Iowa

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that John Delroy Young, #00082279, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Young v. State of Iowa et al.*, Case No. C15-2019-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $10.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the plaintiff pays the initial partial filing fee of $10.00, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

_K Jorgensen_ Deputy Clerk

Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa